348 P.2d 931

E. I. WILSON, Plaintiff and Respondent,

v.

**L. W. GARDNER,** Defendant and
Appellant.

No. 8903.

Supreme Court of Utah.

Feb. 2, 1960.

Glen E. Fuller, Salt Lake City, Gustin, Richards & Mattsson, Richfield, for appellant.

Nielsen & Conder, Salt Lake City, for respondent.

McDONOUGH, Justice.

Defendant appeals from a judgment entered upon a verdict for the balance due on a contract. Plaintiff cross-appeals for the failure of the court to award him interest on the amount found by the jury to be due the plaintiff.

On August 20, 1954, the plaintiff and defendant entered into a written contract whereby plaintiff was to feed defendant's cattle. The plaintiff was to receive from the defendant approximately 400 head of steers weighing approximately 750 pounds per head, weighed with 3% shrink. These steers were to be already started on grain. The defendant agreed to pay to the plaintiff 24 cents per pound for all gain over and above the original receiving weight of the cattle, these cattle to be weighed back to the defendant with a 3% shrink.

Pursuant to the foregoing agreement numerous cattle were fed. During the month of March, 1955, the parties agreed that some of the cattle would come from the auction and would include heifers. These cattle would not be started on grain by the defendant. The defendant contends that this oral agreement was a new contract, and the plaintiff contends that this was an oral modification of the written agreement because it was contemplated by the parties that 400 head of cattle be fed by the plaintiff; and defendant to meet this provision found it necessary to send the auction cattle to the defendant.

The plaintiff alleges that the contract was modified only with respect to the type and origin of the cattle he was to feed. The defendant alleges that the March, 1955, agreement was a new contract and that plaintiff was not entitled to take a 3% shrink of the auction cattle, since they had already shrunk. This conflict was settled by the verdict of the jury.

Defendant claims five errors were committed by the trial court. Defendant's contention that the trial court erred in permitting plaintiff to introduce parol testimony over defendant's objections to vary the terms of an integrated written contract existing between the parties had no merit. There is no question that parties may orally modify an agreement in writing not within the statute of frauds, at least where there is consideration for such modification.[1] The parol evidence rule only purports to foreclose events which precede or accompany a written or oral integration, not those which come later as this agreement did.[2] The plaintiff pleaded the written contract and later amended his com-

---

1. Bamberger Co. v. Certified Productions, Inc., 88 Utah 194, 48 P.2d 489.

2. Degnan, Parol Evidence—The Utah Version, 5 Utah L.Rev. 158.

plaint to include the oral modification. The defendant made no objection to the amendments and it was proper for the court to permit it and receive evidence of the new contract.[3]

Next, defendant contends that it was error for the court to give instructions 5, 6 and 10. Instruction 5 states:

\* \* \* \* \* \*

"It is agreed that the written contract which originally provided for the feeding of steers only and further originally provided for a 3% shrink was orally amended to include heifers. Defendant also contends that said written contract was further orally amended or a new arrangement entered into thereunder whereby the cattle purchased at the auction would be taken by the Plaintiff at the auction weight and that as to such cattle the 3% shrink would not apply. This the Plaintiff denies and contends that under said contract and oral amendments and modifications thereof he was entitled to the 3% shrink on all cattle delivered to him."

The pleadings and evidence support the instruction that the defendant did agree that the heifers were included in the contract but the defendant further contended, and the plaintiff denied, that the original written contract was amended further. That is exactly what this instruction says. When reading the instruction as a whole it clearly sets out the contentions of the parties to the case.

Defendant further contends that Instructions 5, 6 and 10 read together erroneously shifted the burden of proof to defendant as to matters plaintiff was required to prove as a matter of law. His contention is based mainly on the following passages:

\* \* \* \* \* \*

"Defendant also contends that said written contract was further orally amended or a new arrangement entered into thereunder whereby the cattle purchased at the auction would be taken by the Plaintiff at the auction weight and that as to such cattle the 3% shrink would not apply."

\* \* \* \* \* \*

"You are instructed that the burden is upon the party claiming modifications in the written agreement to prove by a preponderance of the evidence that such modifications, if any, were made."

These instructions do not shift the burden of proof upon the defendant as they place upon the plaintiff the burden of establishing all his claims even though a literal interpretation of the wording in the instruction that "the burden is upon the party claiming modifications" might justify a contention

3.  Rule 15, U.R.C.P.

that the court erroneously shifted the burden of proving the modification onto the defendant who was the one who was claiming that there was a modification as whether the 3% shrink should apply. Of course as to such claim, defendant had the burden of going forward with evidence to prove it and when the instructions are viewed as a whole it is clear that the court merely pointed out the contentions of the parties. In Instruction 9 the court states that:

"Unless each specific claim for which the Plaintiff seeks judgment has been established by a preponderance of the evidence, you must find against him on that item since he has the burden of proof."

"The burden of proof is likewise upon the Plaintiff to prove by a preponderance of the evidence his damage, if any, and if you find he has failed to sustain such burden on any particular item, you must find against Plaintiff and in favor of the Defendant on that item."

When the instructions are viewed as a whole it is clear that the court merely pointed out the contentions of the parties. Plaintiff alleges a contract modified by the addition of one term. Defendant contends and comes forward with evidence that there were other changes to the contract to rebut plaintiff's allegation of what the contract was. It appears that the case was submitted to the jury in such a manner as they would correctly understand the issues without any error prejudicial to the defendant.[4]

■ Defendant also objects to the refusal of the trial court to give his requested instructions. The issues, however, were clearly set out to the jury in the instructions given and under Rule 51, U.R.C.P. the failure to give either or all of these requested instructions was not error. In any event the action of the trial court was not prejudicial to the defendant herein justifying a reversal of the judgment.[5]

■■ The jury in this case arrived at its verdict by averaging the sums each juror thought the plaintiff was entitled to recover. This is using a quotient system but there is no evidence that the jury arrived at a quotient verdict. An essential element is missing for this to be a quotient verdict, that is, they must agree to be bound by the quotient.[6] There is no evidence that they agreed to so bind themselves. The system the jury used is not considered desirable but in this case it is understandable in view of the evidence of the disputed sum owed plaintiff.

4. See Hillyard v. Utah By-Products Co., 1 Utah 2d 143, 263 P.2d 287.
5. Rule 61, U.R.C.P.; Startin v. Madsen, 120 Utah 631, 237 P.2d 834.
6. Ehalf v. McCarthy, 104 Utah 110, 138 P.2d 639; Mitchell v. Arrowhead, 117 Utah 224, 214 P.2d 620; Pence v. California Mining Co., 27 Utah 378, 75 P. 934.

Plaintiff cross-appeals in this case for interest on the jury's verdict from the time he alleges this sum was due. In the instructions to the jury the court at no place mentioned interest on the amount, if any, which the jury found defendant owed plaintiff. The plaintiff did not request an instruction as to interest either. The jury was asked to find whether plaintiff was entitled to receive credit for additional shrink and if so in what amount and what other amounts were owed to plaintiff. The jury's verdict stated it was for balance due to shrink. From the record it seems that in arriving at this figure they considered overcharges by the plaintiff after October 6, 1956, and deducted this amount. Therefore, the figure they arrived at was not the amount owed when the contract ended, October 6, 1956, and plaintiff alleges the amount was due. The jury verdict represents the money owed defendant at the time of the verdict. Whether the jury included interest in their verdict cannot be determined but there is indication that they did consider it because it was claimed in plaintiff's complaint, and their verdict, from the indications in the record, represents what the defendant owed the plaintiff at that time.

Affirmed.

CROCKETT, C. J., and WADE, HENRIOD and CALLISTER, JJ., concur.