489 P.2d 430

**STATE of Utah, Plaintiff and Respondent,**

v.

**Eugene John MURPHY, Defendant and Appellant.**

No. 12277.

Supreme Court of Utah.

Oct. 4, 1971.

Robert Van Sciver, D. Gilbert Athay, Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice:

Eugene John Murphy appeals from a conviction of first degree murder[1] based on the shooting of Joseph Wesemann during the perpetration of a robbery in Wesemann's grocery store at 1311 South Eighth West, Salt Lake City, on the afternoon of December 4, 1969.

Defendant's contentions are: (1) that under the court's instructions the case was not properly presented to the jury with respect to his criminal intent, and (2) that he was denied due process of law as a result of improper identification procedures.

At about 2 o'clock on the afternoon referred to, defendant Murphy and William Jordan drove to the victim's store in a white Chevrolet. Moments before that, William Jordan had instructed one Earl Wilde to remain parked in a green Rambler about one block from the store. Jordan went in while defendant Murphy waited in the car with the engine running. In robbing the store Jordan fired some shots. He came out of the store followed by Mr. Wesemann, who fell to the sidewalk mortally wounded.[2] Jordan got in the Chevrolet with Murphy who proceeded to drive to where the green Rambler was waiting. Jordan and the defendant ran from the Chevrolet to the Rambler, which Wilde drove away. Two witnesses, who later identified Jordan and the defendant, testified that they passed within 10 feet of them as they ran from the one car to the other.

Analysis of the jury verdict and defendant Murphy's contentions thereon involves consideration of two statutes:

Section 76–30–3, U.C.A.1953: * * * every murder * * * committed in the perpetration of * * * robbery * * * is murder in the first degree * * *.

and

Section 76–1–44, U.C.A.1953: All persons concerned in the commission of a

---

1. The jury recommended leniency, and the defendant was sentenced to life imprisonment in accordance with Section 76–30–4, U.C.A.1953.

2. Jordan was convicted of murder, which was affirmed by this court, State v. Jordan, 26 Utah 2d 240, 487 P.2d 1281.

crime * * * whether they directly commit the act constituting the offense or aid and abet in its commission * * * are principals in any crime so committed, * * *.

■■ We agree that in order to justify the conviction of murder in the first degree for the homicide which resulted in the perpetration of the robbery under those statutes, the evidence must justify the jury believing and finding beyond a reasonable doubt, under proper instructions, that the defendant was aware of Jordan's purpose and thus had the intent to participate in the robbery as a principal.[3] The converse is also true: If the evidence did so justify such finding, then the defendant, in so participating in the robbery as a principal, was responsible for the natural and probable consequences that occurred in the robbery, including the homicide which resulted therein even though he did not so personally participate in the killing.[4]

■ The version of facts as told by the defendant is that while waiting outside, he was unaware of Jordan's purpose in going into the store, but thought he had gone in to buy a package of cigarettes. It is true that there are difficulties in refuting what he said he thought. This could be done only by showing the circumstances. The prerogative of judging the credibility of his testimony was for the jury, and under the traditional rule, the evidence is to be reviewed in the light favorable to their verdict. This involves recognition of the privilege which was theirs, not only of believing those aspects of the evidence which support the verdict, but also of drawing all reasonable inferences that could fairly be deducted therefrom.[5] When so reviewed, there is a sound and sufficient basis therein upon which the jury could believe beyond a reasonable doubt that the defendant was participating as a principal in a planned robbery and getaway.

■ Defendant pursues the argument that even though the jury believed his version of the facts, they nevertheless could have found him guilty because of a portion of instruction No. 10, which lists the requisites to finding him guilty of murder, including that it must be found that:

* * * the said defendant, Eugene John Murphy, was one of those aiding, abetting and/or participating in said robbery or attempted robbery.

His position is that under that instruction, the jury could have thought that he

3. People v. Poplar, 20 Mich.App. 132, 173 N.W.2d 732 (1970).

4. People v. Villa, 156 Cal.App.2d 128, 318 P.2d 828 (1957) ; People v. Durham, 70 Cal.2d 171, 74 Cal.Rptr. 262, 449 P.2d 198, cert. den. 395 U.S. 968, 89 S.Ct. 2116, 23 L.Ed.2d 755 (1969).

5. See State v. Knepper, 18 Utah 2d 215, 418 P.2d 780.

did not know the robbery was being committed, but because he drove Jordan from the scene, he was thus "aiding, abetting and/or participating in said robbery" after the fact, and therefore guilty of the murder. Such plausibility as there is to that argument arises from the defendant's singling out only a portion of one instruction and placing emphasis thereon to support his thesis that the case was unfairly presented to the jury. However, the question of concern is not whether one part of an instruction, or even an entire instruction, considered separately, might give a distorted view of the issue to be determined. It is whether all of the instructions considered together, correctly presented the issues to the jury in a fair and understandable manner. Analysis of the problem requires giving attention to certain other instructions.

Instruction No. 10 complained of was supplemented by Instructions Nos. 10A and 11 immediately following it. They continue to deal with persons jointly concerned with the commission of a crime. No. 10A states in part:

* * * where two persons *acting with a common intent jointly engage in the same undertaking and jointly commit an unlawful act* each is chargeable with the liability and responsibility for the acts of the other, and each is guilty of

the offense committed to which he has contributed to the same extent as if he were the sole offender.

The fair import of that instruction was to make plain the necessity of finding that the defendant and Jordan were acting "with a common intent * * * [to] * * * jointly commit an unlawful act in the commission of the crime."

This is further borne out by Instruction No. 11 which told the jury:

You are instructed that one is an accomplice to the commission of the crime who aids or abets *during* the time of its commission.

This instruction again plainly indicated that the only way the defendant could be considered as "aiding" in the commission of the crime, that is, the robbery, was "during" the time of its commission. It does not suggest afterwards. Thus if the instruction complained of is considered together with and in the light of the other instructions, as the jury were properly advised,[6] we have no doubt that they were given a correct understanding of the issue to be decided.

The challenge defendant makes concerning improper identification procedures is essentially the same as that made in State

6. Wilson v. Gardner, 10 Utah 2d 89, 348 P.2d 931.

**334**

v. Jordan [7] and what we said there is controlling here. (All emphasis added.)

Affirmed. No costs awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.