DANIEL RUCKER, Petitioner, v.
LEWIS S. TOLLETT, Warden, Respondent.
—475 S.W.2d 207.

October 13, 1971.

Certiorari Denied by Supreme Court January 3, 1972.

Dalton L. Townsend, Knoxville, for petitioner.

David M. Pack, Attorney General, Thomas E. Fox, Deputy Attorney General, Nashville, for respondent.

WALKER, P.J.  Without an evidentiary hearing, the trial judge dismissed this petition for postconviction relief. The petitioner, Daniel Rucker, appeals.

The sole question presented by the petition is that the official court reporter was permitted to testify at the trial as a witness to the voluntariness of the petitioner's confession which he had previously taken as the reporter. He claims the reporter's presence in the courtroom while other witnesses testified violated the petitioner's constitutional rights.

The exclusion of witnesses from the courtroom is not a matter of right, but is within the discretion of the trial judge. State ex rel. Phillips v. Henderson, 220 Tenn. 701, 423 S.W.2d 489; Nance v. State, 210 Tenn. 328, 358 S.W.2d 327. This assignment raises no constitutional question and it is overruled. See State ex rel. Reed v. Heer, 218 Tenn. 338, 403 S.W.2d 310.

■ Rucker also assigns as error the failure of the trial judge to grant an evidentiary hearing. He contends that T.C.A. 40-3810 authorizes a hearing if he has had no prior one and that in this case he has raised a substantial question. The record shows that the petitioner has had a prior evidentiary hearing. We do not think this statute requires a hearing for meritless petitions.

■ He further contends that he should receive relief because the district attorney general filed his answer 88 days after the petition when he was allowed only 30 days. Rucker was not prejudiced by this delay.

All assignments are overruled and the judgment is affirmed.

Russell, J., concurs.

O'Brien, J. (concurring).

I concur with the majority opinion in this case, however, I consider it pertinent to point out that T.C.A. sec. 40-3814, is mandatory as it applies to the duties of the District Attorney General. See Brown v. State, Tenn. Crim.App., 445 S.W.2d 669. In this case the trial court allowed 30 days in which the District Attorney General was to file responsive pleadings. It appears that it was some 88 days after the amended petition was filed before an answer was submitted. No reason for the delay appears in this record.

It is as much the duty of counsel for the State, and for the defense, as it is that of the court, to expedite court proceedings. It has become a popular trend in re-

cent times to criticize the courts for alleged delay in their proceedings without, in most instances, consideration or thought for the tremendous increase in work load with which they have become burdened. While, as stated in the majority opinion, the delay in this instance did not prejudice defendant, it is clearly apparent that there are many situations where some prejudice could exist. It is incumbent upon all agencies involved to act with the greatest diligence in order to dispose of these matters with the least possible delay.