STATE of Utah, Plaintiff and Respondent,

v.

Harley E. WILLETT, Defendant and Appellant.

No. 19277.

Supreme Court of Utah.

Dec. 5, 1984.

**602**

Michael D. Esplain, Gary H. Weight, Provo, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Provo, for plaintiff and respondent.

ZIMMERMAN, Justice.

Defendant entered a plea of guilty to a charge of second degree murder, a first degree felony, and was sentenced to an indeterminate term of five years to life in the Utah State Prison. The trial court also imposed two consecutive firearms enhancement sentences, one for an additional one year and the other for an additional five years. Defendant appealed, seeking elimination of the second enhancement penalty on the ground that it violated the constitutional prohibition against double jeopardy. We need not reach the consitutional argument because we conclude that the trial court misapplied the sentencing statute.

The statute at issue, U.C.A., 1953, § 76–3–203, was viewed by the trial court as permitting the imposition of two consecutive enhancement sentences, one for one year and another for five years. By so reading the statute, the court in effect approved a total sentence one year longer in duration than the five-year maximum the legislature intended to be imposed for using a firearm in the commission of a felony. While the trial court's interpretation of section 76–3–203 is understandable given the statute's patent ambiguity, an examination of the history of the section shows the lower court to have been incorrect.

Before 1976, section 76–3–203, which is the general sentencing statute that sets forth the ranges of indeterminate sentences that are to be imposed for all felony convictions, did not provide for enhancing sentences where the defendant used a firearm. In 1976, the section was amended to introduce the concept. Subsections (1), (2), and (3) of section 76–3–203, which dealt with the sentences to be imposed for first, second, and third degree felonies, respectively, were all amended with identical language that gave the trial judge discretion to increase the defendant's sentence by up to five years. Subsection (1) illustrates this change:

A person who has been convicted of a felony may be sentenced to imprisonment for an indeterminate term as follows:

(1) In the case of a felony of the first degree, for a term of not less than five years and which may be for life *but if the trier of fact finds a firearm or a*

*facsimile or the representation of a firearm was used in the commission or furtherance of the felony, the court may additionally sentence the person convicted for an indeterminate term not to exceed five years to run consecutively and not concurrently;* ....

1976 Utah Laws ch. 9 § 1 (language added by amendment italicized).

The following year, section 76–3–203 was again amended. The language added by the 1976 amendment was retained. However, with respect to subsections (1) and (2) dealing with first and second degree felonies, the legislature inserted in the middle of the 1976 additions a requirement of a mandatory one-year sentence. Subsection (3) dealing with third degree felonies was not changed.[1] As amended in 1977, subsection (1) now reads:

A person who has been convicted of a felony may be sentenced to imprisonment for an indeterminate term as follows:

(1) In the case of a felony of the first degree, for a term of not less than five years and which may be for life but if the trier of fact finds a firearm or a facsimile or the representation of a firearm was used in the commission or furtherance of the felony, *the court shall additionally sentence the person convicted for a term of one year to run consecutively and not concurrently;* and the court may additionally sentence the person convicted for an indeterminate term not to exceed five years to run consecutively and not concurrently; ....

1977 Utah Laws ch. 88 § 1 (language added by amendment italicized).

 Section 76–3–203, with its subparts, is a classic example of a statute enacted piecemeal. Initially, the legislature did not consider the issue of firearms used in the commission of felonies. In 1976, its concern was evidenced by the discretionary five-year enhancement amendment added to all felony sentencing provisions. The following year, the legislature intended to remove the trial judge's freedom to decline to impose any enhancement sentence in certain cases. For example, a mandatory one-year minimum enhancement sentence must be imposed for use of a firearm in cases involving first and second degree felonies. In such cases, the judge's only discretion lies in sentencing for more than one year but not more than five years. In third degree felonies, however, the trial judge is free not to impose an enhancement sentence.

While the 1977 changes clearly show an intention to mandate enhanced sentences under specific circumstances, nothing in the legislative history indicates that the legislature intended to increase the total available enhancement sentence under subsections (1) and (2) of section 76–3–203 to six years, when it plainly left the maximum under subsection (3) at five years. This result is, however, precisely the effect of the trial judge's ruling below. We do not infer such an intent from the ambiguities left by the 1977 amendment. Therefore, the district court is directed to reduce defendant's enhancement sentence for use of a firearm in the furtherance of a felony from a total of six years to a total of five years. With this alteration to the sentence, the conviction is affirmed.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.

---

1. The legislature also added a new subsection (4), which provides that one who is convicted a second time of a firearm-related offense shall receive a mandatory and consecutive enhancement sentence of five to ten years.