**STATE of Utah, Plaintiff and Appellee,**

v.

**Alfred D. RANGEL, Defendant and Appellant.**

**No. 920802–CA.**

Court of Appeals of Utah.

Dec. 29, 1993.

---

Robert K. Heineman (Argued), James A. Valdez, Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

Jan Graham, State Atty. Gen., Kenneth A. Bronston, Asst. Atty. Gen. (Argued), Salt Lake City, for plaintiff and appellee.

Before GREENWOOD, JACKSON and GARFF,[1] JJ.

## OPINION

GREENWOOD, Judge:

Defendant Alfred Rangel appeals his conviction of forcible sexual abuse, in violation of Utah Code Ann. § 76-5-404 (1990). Defendant argues that Utah Rule of Evidence 615 is unconstitutional, facially and as applied in his case, and that the trial court abused its discretion by allowing the victim to testify after she had remained in the courtroom throughout the entire trial. We affirm.

## BACKGROUND

The State originally charged defendant with one count of forcible sexual abuse and one count of attempted rape, or in the alternative, aggravated sexual assault. After a bench trial, the court dismissed the charge of attempted rape/aggravated sexual assault, but found defendant guilty of forcible sexual abuse.

Defendant and the victim, J.W., had known each other for approximately one week when the incident occurred. Defendant had earlier hitchhiked to Salt Lake City from Idaho.

The good samaritan who picked up defendant also helped him find temporary sleeping quarters in the basement of a house under construction in Sandy, Utah. The owner of the house, Van Dee Bearden, ultimately agreed to temporarily employ defendant to perfor-tape the house, in addition to letting him sleep there.

J.W. arrived in Salt Lake City about two weeks prior to the incident. She came from Arizona with her son and two teenage girls who were the daughters of J.W.'s ex-boyfriends. J.W. was staying with a friend, S.S., whose home was across the street from the home under construction in which defendant was working and sleeping. Mr. Bearden also offered temporary employment to J.W. to perfor-tape the walls of the home under construction.

Defendant and J.W. thus met as a result of their mutual employment by Mr. Bearden. J.W. claimed that on June 7, 1992, defendant forced her to the basement of the home under construction and there fondled her breasts and attempted to rape her. During the incident, J.W.'s eleven-year-old son and his nine-year-old friend came downstairs at least twice, witnessing what was going on. The first time, the boys left without raising an alarm but the second time they allegedly jumped on defendant in order to free J.W. from his grasp. Thereafter, J.W. was able to free herself and returned to S.S.'s home across the street, where she related the episode to S.S. and the two teenage girls.

At trial, the State requested that J.W. be permitted to sit throughout the trial at the prosecution table, in accordance with Utah Rule of Evidence 615. Defense counsel objected to her presence, citing her role as witness for the prosecution, and asked that she be excluded from the courtroom when not testifying:[2]

MR. VALDEZ: I have a continuing objection to the victim being allowed to stay in the courtroom. I've got that matter up

---

1. Senior Judge Regnal W. Garff, acting pursuant to appointment under Utah Code Ann. § 78-3-24(10) (1992).

2. Defense counsel also objected to the presence in the courtroom of Detective Larsen, Sandy City Police Department, whom the prosecution designated, under Rule 615, as the State's representative. However, the trial court overruled the objection once it determined that Detective Larsen would not testify for the State.

on appeal now, but I think on the record I need to make an objection.

. . . .

MR. VALDEZ: Well, it is my intent—and I make the motion at this time—to exclude all witnesses that the State may have.

THE COURT: All right. I don't know that I have any problem with that.

Why shouldn't the Exclusionary Rule apply?

MR. YBARRA: Well, your Honor, under Rule 615—I quote at Subparagraph 1:

"At the request of a party (in this case, the Defense), the Court shall order witnesses excluded so they cannot hear the testimony of other witnesses. And it may make the order on its own motion. This Rule does not authorize exclusion of (and I go to Subparagraph (b)) an officer or employee of a natural person designated as its representative by its attorney."

And I've designated Officer Larsen as a representative of the State in this case.

THE COURT: All right.

MR. YBARRA: And then Subparagraph (d)—and I'll quote the last sentence:

"This rule does not authorize the exclusion of Subparagraph (d), an adult victim in a criminal trial, where the prosecutor agrees with the victim's presence."

And I do agree with the presence, and request the presence of [J.W.].

MR. VALDEZ: I thought we were focusing on Mr. Larsen. I know that that's the new statute, that the victim can stay throughout the proceedings. And I've indicated to the Court that I have that issue on appeal, and that I would make the objection for the record.

. . . .

MR. VALDEZ: One final objection that I think I ought to put on the record, and that's the objection to the witness sitting through opening argument. And that is, I'm concerned that once the Prosecutor makes his opening argument, either consciously or unconsciously, the witness may temper her testimony—and I won't say "falsify." I mean temper, because the Court knows how testimony vary [sic]—in order to be compliant with that opening argument. So, in addition to my general objection to the new provision of Rule 615 in that regard, I think that's a concern that I'd like on the record for appellate purposes.

THE COURT: The Rule provides for the victim—the adult victim to be present; accordingly, she may remain.

On the first day of trial, the State called J.W. as its first witness. After she testified, the State called its remaining witnesses, including the victim's son and the two teenage girls who accompanied J.W. from Arizona. On the second day of trial, the State recalled J.W. as a witness. Defense counsel again objected:

MR. VALDEZ: Judge, I would object to that. And that's specifically what our objection was in the first place. I think there's federal case law that indicates that once the State has allowed their witness to remain in the courtroom, whether that be the victim or a witness and they've heard testimony, that they ought not to be allowed to bring that witness back on.

The concern we have is a due-process concern. And also now that she's heard all of the testimony, we are concerned that she'll conform any further testimony to that in [sic] which she has heard.

I don't know what Mr. Ybarra intends to have her testify about, and we won't know unless we have a proffer of evidence or if we listen to her testify. But I object, for the record, to allowing her to testify again at this time.

After the prosecutor informed the court that J.W. would only correct some errors in her earlier testimony which had nothing to do with any testimony given by other witnesses for the State, the trial court allowed J.W. to retake the stand. At that time she clarified three points: (1) that defendant had kissed her on more than just the one occasion to which she had testified previously, (2) that she recalled the exact date on which she came to Salt Lake City, and (3) that she and defendant had gone together to her chiropractor to pick up some X-rays.

After J.W. finished testifying, the State rested. After completion of the defense's case, the State again recalled J.W., without objection from defense counsel, as a rebuttal witness. As stated previously, the trial court then found defendant guilty of forcible sexual abuse. The trial court fined defendant $1000, ordered him to pay restitution for the victim's counseling costs, and sentenced him to an indeterminate term of one to fifteen years.

## ISSUES ON APPEAL

Defendant argues on appeal that (1) Utah Rule of Evidence 615 is facially unconstitutional, (2) Rule 615, as applied in his case, unconstitutionally deprived him of a procedurally fair trial, and (3) the trial court abused its discretion in allowing the victim to remain in the courtroom throughout the trial and also to testify after defense counsel recalled her.[3]

## ANALYSIS

### Rule 615's Facial Constitutionality

■ Defendant asserts that the 1991 amendments to Utah Rule of Evidence 615 are facially unconstitutional because they "infringe on [his] due process right to a fair proceeding free from collusion, fabrication, and having testimony unconsciously influenced by the testimony of other witnesses."[4] On the other hand, the State argues that defense counsel failed to specifically object at trial to the facial constitutionality of Rule 615, thereby neglecting to preserve that issue for appeal. Thus, the State asserts, defendant has waived his right to raise this issue on appeal.

■ It is well established that "a contemporaneous objection or some form of *specific* preservation of claims of error must be made a part of the trial court record before an appellate court will review such claim on appeal." *State v. Johnson*, 774 P.2d 1141, 1144 (Utah 1989). Thus, to properly preserve an issue for appeal, a party must enter an objection on the record that is both timely and specific. The purpose of this rule is to allow the trial court the first opportunity to address a claim that it has erred. *State v. Johnson*, 821 P.2d 1150, 1161 (Utah 1991).

The only exception to this general rule is that "[a]bsent a timely objection, [a court] will review an alleged error only if it is obvious and harmful, i.e., only if it constitutes 'plain error.'" *State v. Whittle*, 780 P.2d 819, 821 (Utah 1989); *see also State v. Elm*, 808 P.2d 1097, 1100 (Utah 1991) (only exception to rule requiring timely and specific objection is if error constitutes plain error). In discussing this "plain error" exception, the Utah Supreme Court stated that "[i]n order for an error to be 'plain,' an appellate court must find that it should have been obvious to the trial court that it was committing error." *Id.*

---

3. Defendant also raises prosecutorial misconduct on appeal. We have determined this issue is without merit and thus decline to address it. *State v. Carter*, 776 P.2d 886, 888 (Utah 1989).

4. Before amendment in 1991, Rule 615 read as follows:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

After amendment, Rule 615 now reads:

(1) At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion. This rule does not authorize exclusion of:
(a) a party who is a natural person;
(b) an officer or employee of a party which is not a natural person designated as its representative by its attorney;
(c) a person whose presence is shown by a party to be essential to the presentation of the party's cause; or
(d) an adult victim in a criminal trial where the prosecutor agrees with the victim's presence.
(2) The court may exclude or excuse a victim from the courtroom if the victim becomes disruptive.
(3) An adult victim in a criminal trial who elects to be present in the courtroom may not be prevented from testifying, even after being present and having heard other testimony.

While defendant objected generally to Rule 615 at trial, his focus on appeal centers on Rule 615(3).

A review of the trial court's transcript reveals that defendant's objections to Rule 615's facial constitutionality fell short of the standard announced in *Johnson.* The trial transcript demonstrates that defense counsel made three relevant objections: (1) a general reference to "the new provision of Rule 615," (2) a statement that he "ha[d] that issue on appeal," and (3) his statement when J.W. was recalled to testify that he "ha[d] due process concerns." While the first two objections of defense counsel were timely, they were not specific enough to properly raise and preserve for appeal the issue of Rule 615's facial constitutionality. The third objection referring to due process was not timely on the issue of allowing J.W. to remain in the courtroom throughout the trial, and, as regards her recall testimony, did not clearly call into question the rule's facial viability. Defense counsel's three vague objections gave the trial court no indication of defendant's constitutional challenge to Rule 615 and therefore deprived the trial court of the required opportunity to consider and rule on that issue. Furthermore, the facts of this case do not warrant an exception for "plain error." The trial court properly followed Rule 615's instruction to allow the witness to remain in the courtroom and hence, it did not commit plain error. Accordingly, we decline to address the facial constitutionality of Rule 615 because defendant has raised it for the first time on appeal. However, defense counsel's objections sufficiently preserved the issue of whether Rule 615, as applied, denied defendant a fair trial and we turn now to that question.

## Constitutionality of Rule 615 As Applied

Generally, most due process cases "concern *procedural* requirements, notably notice and [an] opportunity to be heard."[5]

Wells v. Children's Aid Soc. of Utah, 681 P.2d 199, 204 (Utah 1984). In reviewing defendant's claims, we keep in mind that the "general test for the validity of such rules, the test of *procedural* due process, is fairness." *Id.* Furthermore, even though a statute may be unconstitutional as applied in some cases, it will not be struck down unless defendant has been adversely affected by its application. *State v. Tritt,* 463 P.2d 806, 809 (Utah 1970). Therefore, we review the proceedings of defendant's trial to determine if the court's application of Rule 615 unfairly prejudiced defendant.

Defendant argues that the application of Rule 615 during his trial gave an unfair advantage to the prosecution's witnesses, thereby denying him a fair opportunity to be heard. Defendant makes two main points. First, he asserts that it was unfair for the trial court to allow J.W. to testify both at the beginning and end of the State's presentation because she could change her testimony to conform to the testimony of other witnesses. While allowing J.W. to testify both at the beginning and end of the prosecution's case could possibly result in unfairness, the record in this case clearly shows no prejudice. J.W. did not conform her testimony to the testimony of other witnesses. Rather, she simply clarified and added to her testimony from the day before on topics not covered by any other witnesses. J.W.'s additional testimony in no way compromised the procedural fairness of defendant's trial.[6]

Second, defendant argues that J.W.'s presence in the courtroom unfairly influenced the State's other witnesses, many of whom were family and close friends of J.W. Specifically, defendant argues that J.W. improperly influenced Tristie Jones while on the stand. The following colloquy occurred be-

5. The Utah Supreme Court has stated that the essentials of procedural due process are:

    1) the existence of an appropriate tribunal;
    2) inquiry into the merits of the question presented;
    3) notice of the purpose of the inquiry;
    4) opportunity to appear in person or by counsel;
    5) fair opportunity to be heard; and
    6) judgment rendered in the record thus made.

*State In re L.G.W.,* 638 P.2d 527, 528 (Utah 1981).
    In this case, item five—a fair opportunity to be heard—is arguably the only relevant "essential of due process" before this court.

6. Furthermore, the inconsistent statements of witnesses, whether they be by the actual victim or others, are in many cases simply a credibility factor that the finder of fact must weigh in determining the outcome. *See* Utah R.Evid. 104(e).

tween Tristie Jones, the seventeen-year-old daughter of J.W.'s former boyfriend, and defense counsel:

Q. Who are you looking at when you are answering me?

A. I am looking around.

Q. I thought you were looking over in this direction?

A. No.

■ From this brief and vague occurrence on the witness stand, defendant argues that Tristie Jones impermissibly looked to J.W. for assurance that her testimony was satisfactory. We refuse to draw the inference, as defendant wishes, from Tristie Jones's apparent glances around the courtroom that J.W. was impermissibly influencing her testimony. Furthermore, defendant's desired inference is inappropriate given the lack of additional concrete facts to support his contentions. The "onus of showing wherein [defendant] has been prejudiced by a ruling of the lower court falls upon the defendant." *State v. Carlson*, 635 P.2d 72, 74 (Utah 1981). Thus, defendant has the burden of showing that the invocation of Rule 615 in his trial unfairly impacted the outcome. Defendant has failed to meet his burden of providing substantive facts supporting his claim of prejudice. Accordingly, we hold that Rule 615, as applied, did not unfairly impinge on defendant's right to a procedurally correct and fair trial.

### Abuse of Discretion

■ Defendant further argues that the trial court's failure to exclude the victim from the courtroom during the trial was an abuse of discretion. The Utah Supreme Court has stated that

[w]hether and to what extent witnesses should be excluded is generally within the prerogative of the trial judge, and he should be allowed considerable latitude of discretion in making such orders. His actions thereon should not be disturbed on appeal unless it clearly appears that he abused his discretion; and in any event, a judgment should not be overturned unless it appears that the ruling was prejudicial. *Terry's Sales, Inc. v. Vander Veur*, 618 P.2d 29, 32 (Utah 1980) (footnote omitted).

The evidence that defendant offers as support for this claim fails to demonstrate that the trial court abused its discretion and thereby prejudiced the trial's outcome. Defendant points only to Tristie Jones's glances around the courtroom as evidence that the trial court abused its discretion in allowing J.W. to be present in the courtroom. He asserts that J.W. improperly influenced Tristie Jones's testimony, thus rendering the trial unfair. We believe the Tristie Jones incident is tenuous support at best for defendant's argument. Therefore, because defendant has failed to identify specific instances which demonstrate the trial court's abuse of discretion and resulting prejudice to defendant we hold that the trial court did not abuse its discretion by allowing J.W. to remain in the courtroom throughout the trial.[7]

### CONCLUSION

Defendant did not adequately raise the issue of Rule 615's facial constitutionality at the trial level and thus we do not address it on appeal. As to defendant's other arguments, Rule 615, as applied, did not impermissibly infringe on defendant's due process right to a fair trial. Furthermore, defendant has failed to marshal any convincing facts which demonstrate that the trial court abused its discretion by allowing the victim to remain in the courtroom throughout the trial. We therefore affirm defendant's conviction.

JACKSON and GARFF, JJ., concur.

---

7. We note, however, that there is a possible conflict between Utah Code Ann. § 78-7-4 (1992) and Utah Rule of Evidence 615. Section 78-7-4 gives a trial court the discretion to exclude from the courtroom all witnesses but the one testifying. Rule 615 on the other hand, seemingly takes away the trial court's discretion to exclude a witness, who is also the victim, during the testimony of other witnesses. We decline to address this apparent conflict, however, because it was not argued to the trial court below.