The STATE of Utah, Plaintiff
and Respondent,

v.

Robert Glen BROWN, Defendant
and Appellant.

No. 15328.

Supreme Court of Utah.

March 27, 1978.

Joseph C. Fratto of Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Defendant appeals from his conviction by a jury on two counts of theft and one of selling a motor vehicle with an altered vehicle identification number.

The facts are not in dispute. Defendant was engaged in buying, repairing and selling motor vehicles. A 1974 three-quarter ton Chevrolet pickup was stolen from Marvin Butler and shortly thereafter defendant purchased a wrecked 1974 half-ton Chevrolet pickup receiving a certificate of title therefor in the name of Robert Greene. Thereafter, defendant sold to Larry Lindsay a three-quarter ton Chevrolet pickup described as a half-ton on the certificate of title he delivered which bore the name of Robert Greene. About 10 days later, Marvin Butler observed the pickup in Lindsay's yard and identified it as his stolen pickup. It was also identified by a special agent of the National Automobile Theft Bureau as the one stolen from Butler and that the fictitious vehicle identification number stamped on the engine matched that of the wrecked pickup purchased by defendant.

Defendant's son testified at trial as a defense witness. He stated that he worked with his father during the series of transactions involved here but chose to plead the Fifth Amendment privilege to various questions posed concerning the acquisition and

**136**

disposition of the pickup. However, he did admit altering the vehicle identification number, but claimed he did so without the knowledge of his father. His testimony was referred to in defendant's brief as a confession.

Defendant also testified, asserting his innocent involvement in the acts of his son. This prompted the prosecution to present rebuttal evidence of an alleged prior, unrelated offense involving the theft of an automobile, the sale of the stolen automobile, and an attempt to conceal the crimes by replacing parts bearing vehicle identification numbers on the stolen automobile with parts from a wrecked automobile purchased by defendant. This evidence was received over defendant's objection.

The sole point raised by this appeal is whether the admission of the evidence objected to was prejudicial.

Defendant acknowledges that evidence of the commission of other crimes is admissible when relevant to prove some other material fact such as motive, opportunity, intent, plan, or absence of mistake or accident.[1] However, he contends that no such purpose was served and that the evidence admitted served only to degrade him and imply his propensity for crime.[2]

The very nature of defendant's theory of the case points out that his contention of error is without merit. In testifying that he was innocently involved in the criminal actions of his son he directly put in issue his own knowledge and intent. The evidence admitted was relevant to the issue of criminal intent and knowledge and it was sufficiently similar factually to reveal a modus operandi. Such harm as may have been inherent in the evidence received was clearly outweighed by the probative effect thereof.[3]

Affirmed.

1. See Rule 55, Utah Rules of Evidence which so provides.

2. That evidence may not be admitted for such purposes, see *State v. Dickson,* 12 Utah 2d 8, 361 P.2d 412 (1961).

ELLETT, C. J., and CROCKETT and MAUGHAN, JJ., concur.

WILKINS, J., concurs in the result.

3. *State v. Lopez,* 22 Utah 2d 257, 451 P.2d 772 (1969).