STATE of Utah, Plaintiff and Respondent,

v.

Kirk C. GOODLIFFE, Defendant and Appellant.

No. 15363.

Supreme Court of Utah.

May 1, 1978.

---

4. See *Chapman v. Schiller,* 95 Utah 514, 83 P.2d 249 (1938).

5. Utah Rules of Evidence, Rule 5.

Kent Kasting, Stephen R. McCaughey, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Robert L. Newey, Weber County Atty., Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Appeal from a conviction of forcible sexual abuse [1] of a six-year old girl.

The charge against the defendant arose from an incident which occurred in his employment as a respiratory therapist at St. Benedicts Hospital in Ogden, Utah. He is alleged to have taken indecent liberties with the little girl while she was a patient at the hospital and while he was administering respiratory treatment to her.

The State presented its case and rested. The defendant then offered the testimony of two of his co-workers as to his reputation for truth and veracity and he also testified in his own behalf.

The State's proposed rebuttal testimony was presented to the court in chambers, out of the presence of the jury. It was represented that a witness would testify as to three complaints of similar incidents at the hospital and that such evidence was admissible upon the issue of truthfulness and veracity raised by defendant. The defendant objected, asserting that such incidents had no bearing upon the issue of truth and

---

1. In violation of U.C.A.1953, 76–5–404.

veracity, and over that objection the court permitted the following testimony to be presented to the jury:

Q. Have you in the past year, two years received any complaints about the reputation of the defendant Kirk Goodliffe regarding truthfulness and veracity?

A. Yes.

Q. How many complaints have you received?

A. Two.

Q. And do you recall when those complaints were received?

A. Not exactly, just within the last year or so.

Q. All right. Did you talk to the defendant about the complaints?

A. Yes.

Q. And what was his response?

A. *He said they didn't happen,* and I—that was all; that was it. [Emphasis added.]

Q. You didn't pursue the matter further?

A. No.

The court also permitted the child's first-grade teacher to testify as a rebuttal witness on the subject of the child's truth and veracity as a student in the manner following:

MR. JONES: Q. You are familiar then with Christina during that one year. What in your opinion is her reputation for truthfulness and honesty?

MR. McCAUGHEY: I'd object to the form of that question. It's improper.

THE COURT: He may ask the question. Answer the question if you can.

THE WITNESS: I think of all the children I have taught, I have never found a child more reliable or trustworthy that I can think of. She's capable

and very intelligent. And if she came and told me something, I knew I'd better listen. Is this what you would like?

The defendant asserts that the trial court's rulings in each of the foregoing instances constitute prejudicial error.

▉ The rules of evidence require rejection of evidence of specific behavior to prove a *character trait* except evidence of conviction of crime.[2] The rule, of course, is different where the evidence of other crimes or civil wrongs is relevant to prove some other material fact such as motive, opportunity, intent, preparation, plan, knowledge or identity.[3]

In the instant case, the State made no contention at trial that it sought to admit evidence of prior "complaints" for any purpose other than to rebut defendant's evidence of his truthfulness and veracity. The record also reveals that the court admitted the evidence for that purpose; yet, the clear implication of the testimony was that it was an attempt to demonstrate defendant's propensity to commit sexual crimes of the nature he is presently charged with.

▉ Bare, *unproven* allegations or "complaints" of prior incidents of similar conduct have no relevancy to the issue of defendant's truthfulness or veracity. The admission of such evidence without further explanation could only have caused the jury to speculate about defendant's propensities to commit such crimes and confuse the issues, all to the prejudice of defendant, which necessitates a new trial.

▉ In light of the foregoing determination, it is not necessary that we specifically address the second assignment of error. However, the following observations are deemed pertinent. While the scope of rebuttal testimony is a matter largely within the sound discretion of the trial court, the obvious and logical time to corroborate the

**2.** Rule 47, Utah Rules of Evidence.

**3.** Rule 55, Utah Rules of Evidence, most recently noted in *State v. Green,* Utah, 578 P.2d 512,

(No. 14435, decided April 12, 1978) and in *State v. Brown,* Utah, 577 P.2d 135, (1978).

truthfulness and veracity of a child of tender years called as a witness is during one's case in chief.

 Further, the accepted procedure in eliciting testimony of one's reputation as it pertains to his character or a trait of his character that is in issue is to first qualify the witness by determining if he is acquainted with the reputation of the person in question, and if so, then to have him relate what that reputation is. However appropriate it may be to prove a character trait in issue by testimony in the form of an *opinion*,[4] it is not appropriate to elicit from the witness his individual opinion as to what the person's *reputation* is in regard thereto.

Reversed and remanded for a new trial.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

4. Rule 46, Utah Rules of Evidence (adopting the Uniform Rule).