**STATE of Utah, Plaintiff and Appellee,**

v.

**Arturo RAMIREZ, Defendant and Appellant.**

No. 950426–CA.

Court of Appeals of Utah.

Sept. 12, 1996.

Lamar J. Winward, St. George, for Appellant.

. Jan Graham and Joanne C. Slotnik, Salt Lake City, for Appellee.

Before DAVIS, BILLINGS, and GARFF, JJ.[1]

## OPINION

BILLINGS, Judge:

Defendant Arturo Ramirez appeals his jury convictions for possession of a controlled substance with intent to distribute, a second degree felony, in violation of Utah Code Ann. § 58–37–8(1)(a)(iv) (Supp.1995), and arranging to distribute a controlled substance, a second degree felony, in violation of Utah Code Ann. § 58–37–8(1)(a)(ii) (Supp.1995). We affirm defendant's conviction but vacate defendant's sentence for lack of sufficient findings of fact and remand for appropriate findings and resentencing.

## FACTS

■ The facts are recited in the light most favorable to the jury's verdict. *State v. Hancock,* 874 P.2d 132, 133 (Utah App.), *cert. denied,* 883 P.2d 1359 (Utah 1994).

On December 29, 1994, Mary Nevarez, her infant son, and defendant drove to the home of Ms. Nevarez's mother and stepfather, Robert Larsen. Pursuant to defendant's instructions, Ms. Nevarez went inside to ask Mr. Larsen if she could borrow his car and some money for a trip she and defendant were taking to California. Because Ms. Nevarez apparently did not relay the message properly, the three returned the next morning and defendant spoke with Mr. Larsen. After their conversation, Mr. Larsen agreed to loan defendant and Ms. Nevarez his car

1. Senior Judge Regnal W. Garff sitting by special appointment pursuant to Utah Code Ann. § 78– 2–4(2) (1995); Utah Code Jud.Admin. 3–108(4).

and $550, with the understanding that he would get his money back after the trip, along with three-to-four grams of methamphetamine. Defendant then handed Mr. Larsen a plastic baggie containing methamphetamine to insure against the loss of the car and money.

Defendant and Ms. Nevarez left for California in Mr. Larsen's vehicle later that day. They made several stops along the way, gambling and losing approximately $150 of the money Mr. Larsen had loaned them. The two finally arrived at the home of defendant's sister in California.

With the remaining $400, defendant purchased drugs from people he met within his sister's garage. He then hid the drugs in Mr. Larsen's vehicle. Defendant and Ms. Nevarez left California that evening.

On their way home, defendant and Ms. Nevarez met Melanie Timmons in Mesquite, Nevada. According to Ms. Nevarez, defendant had pre-arranged this meeting. Ms. Nevarez stated: "[Ms. Timmons] was supposed to meet us there, because she had a car. That way, if we were being followed, they wouldn't know what car the drugs were in." However, Ms. Timmons's car had broken down and she and a friend wound up driving back to Utah with defendant and Ms. Nevarez.

Once in Utah, they dropped Ms. Timmons's friend off and then drove to her apartment in the early morning hours of January 1, 1995. Defendant took some methamphetamine from the car, and the three of them "did some speed." At that time, defendant gave Ms. Nevarez a green bindle to deliver to Mr. Larsen. Ms. Timmons and Ms. Nevarez then drove to Mr. Larsen's home, where Ms. Nevarez gave him the green bindle as instructed.

Defendant was subsequently arrested and charged in a criminal information with Count I, possession of a controlled substance with intent to distribute, and Count II, arranging to distribute a controlled substance. The charging information also alleged the offenses were performed in concert with two or more individuals, and thus, defendant was subject to an enhanced minimum sentence pursuant to Utah Code Ann. § 76–3–203.1 (Supp.1995).

A jury trial was held on May 4, 1995. After defendant put on his case, the State filed a Motion in Limine requesting permission to allow Ms. Nevarez to testify on rebuttal as to other similar trips she had taken with defendant to purchase drugs. The trial court granted the motion over defendant's objection. The jury found defendant guilty of both counts.

At the sentencing hearing, defendant's counsel objected to the trial court's imposition of an enhanced penalty because the question of how many persons were involved was never put to the jury. The court overruled defendant's objections, stating the statute expressly authorized the court, not the jury, to find that the defendant acted in "concert" with two or more persons. The court thereafter entered a ruling that defendant had acted in concert with Ms. Nevarez and Ms. Timmons in committing Count II and enhanced the penalty for that offense to a six-year minimum mandatory term. Defendant appeals.

## ISSUES ON APPEAL

On appeal, defendant claims: (1) the trial court abused its discretion in admitting Ms. Nevarez's testimony regarding two previous drug-buying trips she had taken with defendant, (2) defendant was denied his constitutional right to a trial by jury when the trial court, acting pursuant to Utah Code Ann. § 76–3–203.1 (Supp.1995), found he acted in concert with two or more persons in arranging to distribute a controlled substance, and (3) the trial court's findings of fact supporting its sentence enhancement were inadequate.

## ANALYSIS

### Utah Rules of Evidence 404 and 403

Defendant first contends the trial court abused its discretion when it admitted Ms. Nevarez's testimony regarding two previous trips she had allegedly taken with defendant to purchase drugs and therefore his conviction should be reversed and he should be granted a new trial. Specifically, defendant

argues the evidence should not have been admitted under Rule 404(b), Utah Rules of Evidence, because the sole purpose of the testimony was to show defendant's bad character. *See* Utah R.Evid. 404(b). Alternatively, defendant claims that even if the evidence is admissible under Rule 404(b), the trial court nonetheless erred in admitting the evidence under Rule 403, Utah Rules of Evidence, because the prejudicial value of the evidence clearly outweighed it probativeness. *See id.* Rule 403.

■ When reviewing a trial court's ruling regarding the admissibility of evidence under Rules 403 and 404, this court will sustain the trial court's ruling unless it constitutes an abuse of discretion. *State v. Dunn,* 850 P.2d 1201, 1221 (Utah 1993).

■ Rule 404(b) provides:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Utah R.Evid. 404(b). Utah courts have recognized that Rule 404(b) is an "inclusionary" rule. *State v. O'Neil,* 848 P.2d 694, 700 (Utah App.), *cert. denied,* 859 P.2d 585 (Utah 1993); *State v. Taylor,* 818 P.2d 561, 568 (Utah App.1991). That is, Rule 404(b) "does not exclude evidence unless it fits an exception; rather, it allows admission of relevant evidence 'other than to show merely the general disposition of the defendant.'" *State v. Jamison,* 767 P.2d 134, 137 (Utah App.1989) (quoting *State v. Tanner,* 675 P.2d 539, 546 (Utah 1983)).

■ In overruling defendant's objections and admitting the instant testimony, the trial court stated:

It is the clear circumstance in this case that Mr. Ramirez' testimony brought into direct question the presence of his knowledge of what may have been criminal activity under a possibility of his theory of the lawsuit. That is, that Miss Nevarez, without telling him what was going on, perpetrated a fraud upon Mr. Larsen. Talked

him out of money with the plan of exchanging a small amount of drugs as part of a scheme to talk Mr. Larsen out of his vehicle and his money. The testimony of Miss Nevarez on rebuttal negated that issue.

It also showed the possibility of intent, preparation, plan, knowledge and absence of mistake or accident on the part of Mr. Ramirez.

We agree that, by presenting himself as one who was innocently involved in criminal activity engineered solely by Ms. Nevarez, defendant put his own knowledge and intent squarely at issue. Therefore, the trial court did not err by admitting Ms. Nevarez's rebuttal testimony under Rule 404(b). *State v. Brown,* 577 P.2d 135, 136 (Utah 1978).

In *Brown,* the Utah Supreme Court found, under predecessor Rule 55, that by testifying he was innocently involved in his son's criminal actions, Brown directly put in issue his own knowledge and intent. *Id.* The court therefore held that evidence of an alleged prior, similar offense was properly admitted as evidence of Brown's knowledge and intent for the instant offense despite Brown's claim that the evidence was highly prejudicial. *Id.* Similarly, in this case, as soon as defendant offered his theory of the case—that Ms. Nevarez had misled him and had perpetrated a fraud on Mr. Larsen—defendant's prior drug-buying trips to California with Ms. Nevarez became relevant to the issue of his knowledge and intent. Accordingly, the trial court's admission of Ms. Nevarez's testimony under Rule 404(b) was not an abuse of discretion.

■ Defendant next contends the court nevertheless erred in finding, pursuant to Rule 403, the probative value of the evidence "substantially outweighed ... the danger of unfair prejudice." Utah R.Evid. 403. We note that Rule 403, like Rule 404(b), is an "inclusionary" rule. *State v. Lindgren,* 910 P.2d 1268, 1272 (Utah App.1996). Specifically, Rule 403 "presumes the admission of all relevant evidence except where the evidence has 'an unusual propensity to unfairly prejudice, inflame, or mislead' the jury." *Id.* (quoting *State v. Dunn,* 850 P.2d 1201, 1221– 22 (Utah 1993)). Moreover, the fact that

evidence is prejudicial does not, by itself, render that evidence inadmissible. Rather, "[i]f the evidence is prejudicial but is at least equally probative[,] . . . it is properly admissible." *Taylor*, 818 P.2d at 571.

In balancing the probative value of Rule 404(b) evidence against the danger of unfair prejudice, the trial court should consider factors such as " '[1] the similarities between the crimes [and] the interval of time that has elapsed between the crimes, [2] the need for the evidence [and] the efficacy of alternative proof, and [3] the degree to which the evidence probably will rouse the jury to overmastering hostility.' " *Id.* (citation omitted). The record in the instant case clearly supports the balance struck by the trial court. First, in the six weeks preceding this incident, Ms. Nevarez testified she accompanied defendant on two similar trips to California for the purpose of purchasing drugs. *See id.* at 569 (" 'Proximity in time combined with similarity in type of crime virtually guarantees admittance of prior bad acts evidence.' ") (quoting *United States v. Drew*, 894 F.2d 965, 970 (8th Cir.), *cert. denied*, 494 U.S. 1089, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990)). Further, the testimony elicited at trial was conflicting regarding the purpose of the trip and defendant's knowledge and intent in making the trip; thus, the need for the evidence was great. Finally, the evidence was not of the sort that would likely "rouse the jury to overmastering hostility." Thus, the trial court correctly concluded that any prejudice inherent in Ms. Nevarez's testimony was clearly outweighed by its probative effect. Therefore, the trial court did not abuse its discretion in admitting her testimony.

### Utah Code Ann. § 76–3–203.1

Defendant next contends that he was denied his constitutional right to a trial by jury when the judge made certain factual findings under Utah Code Ann. § 76–3–203.1 (Supp.1995) in order to impose a gang enhancement upon his sentence. Utah courts have consistently refused to reach the constitutionality of a statute when there are other independent grounds to resolve the case. *See Kehl v. Schwendiman*, 735 P.2d 413, 418 (Utah App.1987). In accordance with this view, we decline to determine the constitutionality of the statute in this case as we vacate defendant's enhanced sentence and remand in order for the trial court to make the **written** findings of fact required under the statute. *See State v. Labrum*, 293 Utah Adv.Rep. 19, 21, —— P.2d —— (Utah 1996) (holding failure of trial court to make written findings of fact under section 76–3–203.1 was both plain and harmful error).

In *Labrum*, the supreme court held the

> [i]mposition of [section 76–3–201(5)(c) ] is explicitly "contingent upon" findings of particular enumerated facts that are to be rendered in writing. Specifically, the defendant must have acted "in concert" with at least two other persons, which . . . means that those other persons must also be liable [though not necessarily charged or convicted] for the underlying offense. These findings are indispensable to [section 76–3–201] because they establish the legal basis that justifies imposition of the prescribed penalty. Moreover, the requirement for written findings appears in the text of the statute. . . .

*Id.* at 21, —— P.2d at ——. The court concluded that the trial court's failure to enter *any written findings* of fact was error, both plain and harmful. *Id.* Pursuant to *Labrum*, we conclude defendant's failure to object to the adequacy of the trial court's findings below does not preclude this court from reaching that issue on appeal. Certainly, a trial court's failure to comply with the express terms of section 76–3–203.1(5)(c) constitutes plain error.

The trial court's only finding in the instant case states:

> 1. The defendant acted in concert with Melanie Timmons and Mary Nevarez in the commission of Count II, Arranging to Distribute a Controlled Substance, a second degree felony. This finding is not based on the testimony of Robert Larsen.

Defendant claims this finding does not comply with section 76–3–203.1(5)(c) and asserts the finding "[is] more in nature of [a] conclusion[ ] of law on the part of the judge and not [a] finding[ ] of fact showing the other par-

ties' involvement in the alleged crimes or why their involvement meets the elements of the particular statute in question." On appeal, this court must therefore determine whether the trial court's singular statement is adequate to support the court's imposition of an enhanced minimum mandatory term pursuant to section 76–3–203.1.

Relying upon *Labrum,* this court recently rejected the State's claim that when reviewing the trial court's findings pursuant to section 76–3–201, a similar sentencing statute, "this court should imply the requisite facts because '[a] finding may be implied if it is clear from the record, and therefore apparent upon review, that the finding was actually made as part of the tribunal's decision.'" *State v. Beltran–Felix,* 922 P.2d 30, 37 (Utah App.1996) (citation omitted). This court declined to imply the aggravating facts where there was no mitigating evidence offered at sentencing, instead holding that the "trial court's failure to enter findings regarding the aggravating circumstances ... was error." *Id.* at 37. Thus, in interpreting the supreme court's holding in *Labrum,* this court implicitly held that findings of fact may not be inferred, but must clearly be made part of the record at sentencing. *Id.* at 37; *see also State v. Anderson,* 797 P.2d 1114, 1117 (Utah App.1990) (holding judgment of prior conviction providing basis for sentence enhancement must be *written, clear, and definite* ).

Similarly, in the instant case, we will not merely imply what testimony might have persuaded the trial court in imposing an enhanced minimum term pursuant to section 76–3–203.1(5)(c). Accordingly, under *Labrum* and *Beltran–Felix,* the trial court's failure to enter detailed factual findings supporting its imposition of an enhanced penalty was error, and we therefore vacate defendant's sentence and remand to the trial court for it to make appropriate factual findings and for resentencing.

## CONCLUSION

We conclude the trial court did not abuse its discretion when it admitted Ms. Nevarez's rebuttal testimony, pursuant to Rules 404(b) and 403 of the Utah Rules of Evidence, as defendant put his knowledge and intent at issue by his own characterization of the case. Further, we conclude the trial court failed to make adequate findings of fact supporting its conclusion that defendant acted in concert with two or more persons during the commission of Count II. Accordingly, we vacate defendant's sentence and remand for the court to make appropriate factual findings and for resentencing based upon those findings.

DAVIS, P.J., and REGNAL W. GARFF, Senior Judge, concur.