**STATE of Utah, Plaintiff and Appellee,**

v.

**Arturo RAMIREZ, Defendant and Appellant.**

**No. 960847–CA.**

Court of Appeals of Utah.

Nov. 14, 1997.

---

LaMar J. Winward, St. George, for Appellant.

Jan Graham and James H. Beadles, Salt Lake City, for Appellee.

Before DAVIS, P.J., WILKINS, Associate P.J., and JACKSON, J.

## OPINION

WILKINS, Associate Presiding Judge:

Defendant Arturo Ramirez appeals the sentencing judge's imposition of an enhanced sentence, entered pursuant to Utah Code Ann. § 76–3–203.1 (1995), requiring him to serve a minimum mandatory term of six years in prison. The sentencing judge imposed the enhanced sentence after finding that defendant committed an offense, for which he was convicted, "in concert with two or more persons." *Id.* § 76–3–203.1(1). We affirm.

## BACKGROUND

This case is before us for the second time. *See State v. Ramirez,* 924 P.2d 366 (Utah Ct.App.1996) (*Ramirez I*). As before, we recite the facts in the light most favorable to the jury's verdict. *See State v. Dunn,* 850 P.2d 1201, 1205–06 (Utah 1993).

On December 29, 1994, Mary Nevarez, her infant son, and defendant drove to the home of Nevarez's mother and stepfather. Following defendant's instructions, Nevarez went

inside to ask her stepfather, Robert Larsen, if she could borrow his car and some money for a trip she and defendant were taking to California. Because Nevarez apparently did not relay defendant's message properly, the three returned the next morning and defendant himself spoke with Larsen. After their conversation, Larsen loaned defendant and Nevarez his car and $550, with the understanding that after the trip Larsen would get his money back along with three to four grams of methamphetamine. To insure against the loss of the car and money, defendant then gave Larsen a plastic baggie containing methamphetamine.

Later that day, defendant and Nevarez left for California. They made several stops along the way, gambling and losing about $150 of the money Larsen had loaned them. The two finally arrived at defendant's sister's home in California on the morning of December 31. With the remaining $400, defendant bought drugs from people in his sister's garage. He hid the drugs in Larsen's car, and, later that evening, defendant and Nevarez left California.

On their way home, defendant and Nevarez met Melanie Timmons in Mesquite, Nevada. According to Nevarez, defendant had pre-arranged this meeting. At trial, Nevarez stated: "[Timmons] was supposed to meet us there, because she had her car. That way, if we were being followed, [the police] wouldn't know what car the drugs were in." However, Timmons's car broke down and she and a friend ended up riding back to Utah with defendant and Nevarez in Larsen's car.

Once in Utah, defendant and Nevarez dropped Timmons's friend off and drove to Timmons's apartment, arriving in the early morning hours of January 1, 1995. According to Nevarez, defendant took some methamphetamine from the car, and the three of them, plus a fourth person, "did some speed." At that time, defendant gave Nevarez a green bindle to deliver to Larsen. While Timmons and Nevarez drove to Larsen's home to deliver the green bindle as instructed, defendant stayed at Timmons's apartment to divide up the drugs he had bought in California.

Defendant was later arrested and charged in a criminal information with two counts: (1) possessing a controlled substance with intent to distribute, a second degree felony, in violation of Utah Code Ann. § 58–37–8(1)(a)(iv) (Supp.1995) (Count I), and (2) arranging to distribute a controlled substance, a second degree felony, in violation of Utah Code Ann. § 58–37–8(1)(a)(ii) (Supp.1995) (Count II). A jury found defendant guilty of both counts.

The charging information also alleged the offenses were performed in concert with two or more individuals, making defendant subject to an enhanced minimum mandatory sentence pursuant to Utah Code Ann. § 76–3–203.1 (1995). At the sentencing hearing, defendant's counsel objected to the imposition of an enhanced penalty because the question of how many persons were involved in the offenses was never submitted to the jury. The sentencing judge overruled defendant's objections, stating that the statute expressly authorized the sentencing judge, rather than the jury, to find that defendant acted in concert with two or more persons. The sentencing judge then ruled that defendant had arranged to distribute a controlled substance, as alleged in Count II, in concert with Nevarez and Timmons and enhanced the penalty for that offense to a six-year, minimum mandatory term.

Defendant appealed. As part of his first appeal, defendant argued he was denied his constitutional right to a jury trial when the sentencing judge, acting pursuant to section 76–3–203.1, found he had acted in concert with two or more persons in arranging to distribute a controlled substance. See Ramirez I, 924 P.2d at 368. Defendant also argued the sentencing judge's findings of fact supporting the sentence enhancement were inadequate. See id.

This court agreed with defendant, concluding that the sentencing judge had not made adequate written findings supporting the imposition of the enhanced penalty. We therefore vacated the sentence and remanded the case for the sentencing judge to make appropriate factual findings and for resentencing. See id. at 371. In so ruling, we declined to address defendant's constitutional challenge, following our longstanding practice of not

reaching the question of a statute's constitutionality where other independent grounds to resolve a case exist. *See id.* at 370; *Kehl v. Schwendiman,* 735 P.2d 413, 418 (Utah.Ct. App.1987).

On remand, the sentencing judge heard arguments regarding two issues: (1) whether defendant acted in concert with at least two other people in committing Count II—arranging to distribute a controlled substance; and (2) whether section 76-3-203.1 is constitutional. Following the hearing, the sentencing judge again found that defendant had acted in concert with two people in arranging to distribute a controlled substance and, therefore, ordered that defendant serve an enhanced minimum prison term of six years for Count II. The sentencing judge supported this finding and order with detailed factual findings and concluded that section 76-3-203.1 is constitutional. Defendant again appeals.

## ANALYSIS

Defendant makes two arguments on appeal. First, he argues the sentencing judge's finding that he committed Count II in concert with two other people is clearly erroneous. Second, defendant argues that because section 76-3-203.1 requires the sentencing judge to make the factual determination of whether defendant committed the offenses while acting in concert with at least two other people, the statute violates his Sixth Amendment right to be tried by a jury.

If the evidence relied upon by the sentencing judge was insufficient to support the challenged finding, we need not reach defendant's constitutional challenge to section 76-3-203.1. *See Kehl,* 735 P.2d at 418. Accordingly, we first examine the sufficiency of the evidence supporting the sentencing judge's finding.

### I. Sufficiency of the Evidence Supporting the Sentencing Judge's Finding

■ To successfully challenge the sentencing judge's finding that defendant acted in concert with two other people in committing Count II, defendant must show that, "even viewing the evidence in the light most favorable to the court below, [the] evidence is insufficient to support the court's finding." *State v. Robertson,* 932 P.2d 1219, 1223–24 (Utah 1997). Because defendant has not met this burden, we affirm the sentencing judge's finding.

■ Evidence, specifically Nevarez's testimony, was presented at trial that sufficiently supports the sentencing judge's finding. Nevarez testified regarding both her and Timmons's involvement in defendant's arrangements to distribute the drugs. For example, Nevarez testified that defendant had made arrangements for the two of them to meet Timmons in Nevada because Timmons had a car. "That way," Nevarez testified, "if we were followed, [the police] wouldn't know what car the drugs were in." In addition, Nevarez testified that after they arrived in Utah and dropped off Timmons's friend, they drove to Timmons's apartment where defendant gave her the green bindle of methamphetamine to take to Larsen. Nevarez further testified that while at Timmons's apartment, defendant, Nevarez, Timmons, and a fourth person "did some speed." Nevarez also testified that defendant told her he would divide up the drugs while he was at Timmons's apartment.[1] We conclude that

---

1. On remand, the sentencing judge made the following specific findings regarding the evidence supporting his finding that defendant committed Count II in concert with Nevarez and Timmons:

7. That the anticipated plan of the parties, which never came to fruition, was to transfer the drugs that were purchased to Ms. Timmons'[s] vehicle and have Ms. Timmons'[s] vehicle carry the drugs into the State of Utah in order to defeat any potential police surveillance. That plan went awry.

8. That Ms. Timmons'[s] vehicle broke down, and she was in Mesquite without a vehicle. Therefore, all three, Ms. Timmons, Mr. Ramirez, and Ms. Nevarez, trave[le]d back to Utah, again with the single criminal objective and the single criminal enterprise of transporting this methamphetamine back to the State of Utah.

. . . .

10. That the Court further finds that once the friend was dropped off from the car, the three individuals, the Defendant, Ms. Nevarez, and Ms. Timmons, went to Ms. Timmons'[s] apartment and there together ingest[ed] methamphetamine, and based upon that final completing act of the transportation, the acquiring,

this evidence, when viewed in the light most favorable to the sentencing judge's finding, is sufficient to support the finding that defendant arranged to distribute a controlled substance in concert with Nevarez and Timmons.

## II. Constitutionality of Section 76–3–203.1

Because we reject defendant's challenge to the sentencing judge's finding, we next address defendant's argument that section 76–3–203.1 [2] is unconstitutional.

 Defendant argues that, under the Sixth Amendment,[3] he is entitled to have a jury decide the factual question of whether he acted in concert with two or more people in committing Count II.[4] He argues that, because section 76–3–203.1(5)(c) requires the sentencing judge to make this factual determination, the statute violates his Sixth Amendment. right to a jury trial.[5] Whether section 76–3–203.1 is constitutional is a question of law, which we review for correctness. *See State v. Mohi,* 901 P.2d 991, 995 (Utah 1995). "While ruling on the constitutionality of a statute, we will resolve doubts in favor of constitutionality." *Id.*

 The United States Supreme Court addressed a similar argument in *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). In *McMillan,* the petitioners challenged a statute providing that a person convicted of one of the enumerated felonies would be subject to a mandatory minimum sentence of five years imprisonment if the sentencing judge found that the person "visibly possessed a firearm" while committing the crime. *Id.* at 81, 106 S.Ct. at

and eventually the use of methamphetamine, the Court entered the order enhancing the sentence.

2. Section 76–3–203.1 provides, in relevant part:
(1) (a) A person who commits any offense listed in Subsection (4) in concert with two or more persons is subject to an enhanced penalty for the offense as provided below.
(b) "In concert with two or more persons" as used in this section means the defendant and two or more other persons would be criminally liable for the offense as parties under Section 76–2–202.
....
(3) The enhanced penalties for offenses committed under this section are:
....
(d) If the offense is a second degree felony, the convicted person shall be sentenced to an enhanced minimum term of six years in prison.
....
(4) Offenses referred to in Subsection (1) are:
(a) any criminal violation of Title 58, Chapter 37, 37a, 37b, or 37c, regarding drug-related offenses;
....
(5) (a) This section does not create any separate offense but provides an enhanced penalty for the primary offense.
(b) It is not a bar to imposing the enhanced penalties under this section that the persons with whom the actor is alleged to have acted in concert are not identified, apprehended, charged, or convicted, or that any of those persons are charged with or convicted of a different or lesser offense.
(c) The sentencing judge rather than the jury shall decide whether to impose the enhanced penalty under this section. The imposition of the penalty is contingent upon a finding by the

sentencing judge that this section is applicable. In conjunction with sentencing the court shall enter written findings of fact concerning the applicability of this section.
(6) The court may suspend the imposition or execution of the sentence required under this section if the court:
(a) finds that the interests of justice would be best served; and
(b) states the specific circumstances justifying the disposition on the record and in writing.
Utah Code Ann. § 76–3–203.1(1), (3)(d), (4)(a), (5), (6) (1995).

3. The Sixth Amendment provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed...." U.S. Const. amend. VI.

4. Defendant's brief also cites article I, section 10 of the Utah Constitution to support his argument that he is entitled to a jury determination regarding whether he committed Count II in concert with two other people. " 'However, because [defendant] provides no separate argument or analysis under that provision, we address his claim only under the [federal constitutional provision].' " *Brunner v. Collection Div. of the Utah State Tax Comm'n,* 945 P.2d 687, 689 n. 3 (Utah 1997) (quoting *State v. Seale,* 853 P.2d 862, 873 n. 6 (Utah 1993)).

5. We address only the narrow question of whether requiring the sentencing judge to make the factual determination required by section 76–3–203.1 violates the Sixth Amendment. We do not address the general application of the statute.

2413. The statute neither altered the maximum penalty for the crime committed nor created a separate offense calling for a separate penalty. *See id.* at 87–88, 106 S.Ct. at 2417. Thus, the Court concluded that the factual determination regarding visible possession of a firearm was a sentencing consideration rather than an element of the offense. *See id.* at 93, 106 S.Ct. at 2420. The Court stated, "Sentencing courts necessarily consider the circumstances of an offense in selecting the appropriate punishment, and we have consistently approved sentencing schemes that mandate consideration of facts related to the crime." *Id.* at 92, 106 S.Ct. at 2419. Because the factual determination required of the sentencing judge was not an element of the offense, the Supreme Court concluded that petitioners' Sixth Amendment challenge to the statute failed because "there is no Sixth Amendment right to jury sentencing, even where the sentence turns on specific findings of fact." *Id.* at 93, 106 S.Ct. at 2420.

■ We similarly reject defendant's constitutional challenge. Like the statute challenged in *McMillan,* section 76–3–203.1 neither alters the maximum penalty for the crime committed nor creates a separate offense requiring a separate penalty. *See* Utah Code Ann. § 76–3–203.1. Indeed, section 76–3–203.1 specifically provides that it "does not create any separate offense but provides an enhanced penalty for the primary offense." *Id.* § 76–3–203.1(5)(a). Instead, as did the challenged statute in *McMillan,* section 76–3–203.1 simply dictates the weight the sentencing judge should give one factor in sentencing. Therefore, we conclude section 76–3–203.1 is a sentencing provision only and does not create a separate offense. Consequently, following the *McMillan* Court's conclusion, we hold that section 76–3–203.1(5)(c)'s requirement that the sentencing judge make the factual determination as to whether an offense is committed in concert with two or more people does not violate defendant's Sixth Amendment right because "there is no Sixth Amendment right to jury sentencing, even where the sentence turns on specific findings of fact." *McMillan,* 477 U.S. at 93, 106 S.Ct. at 2420; *see also Spaziano v. Florida,* 468 U.S. 447, 459, 104 S.Ct. 3154, 3161, 82 L.Ed.2d 340 (1984).

## CONCLUSION

We affirm the sentencing judge's finding that defendant acted in concert with two other people in committing Count II. When the evidence is viewed in the light most favorable to the judge's finding, the evidence sufficiently supports that finding.

We also hold that section 76–3–203.1(5)(c) does not violate defendant's Sixth Amendment right to a jury trial. Requiring the sentencing judge to make the factual determination as to whether defendant committed the crime in concert with two or more people, after defendant has been tried by a jury and convicted of that crime, does not violate defendant's Sixth Amendment right to a jury trial. The factual determination required by section 76–3–203.1 is part of a sentencing provision only and does not create a separate offense. As a result, because no Sixth Amendment right to jury sentencing exists, defendant's argument fails.

Affirmed.

DAVIS, P.J., and JACKSON, J., concur.